```
              IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF KANSAS
```

**TONY DARNELL SMITH,**

                          **Plaintiff,**

        v.                                    CASE NO. 10-3073-SAC

**HARLEY LAPPIN, et al.,**

                          **Defendants.**

### MEMORANDUM AND ORDER

This matter is a civil rights action filed by a plaintiff proceeding pro se. Plaintiff commenced this action while assigned to a halfway house.

The complaint names Harley Lappin, Director of the Bureau of Prisons, and Van Racy, of the Bureau of Prisons Community Corrections Office in Kansas City, Kansas, as defendants. Plaintiff alleges a delay or denial of constitutionally adequate medical care for an injury that occurred when he slipped on airplane steps during a federal airlift in August 2008.

The matter comes before the court on plaintiff's response to the court's order to submit an initial partial filing fee (Doc. 7) and on his combined motion to amend the complaint and to appoint counsel (Doc. 15).

*The motion to proceed in forma pauperis*

Because plaintiff was confined to a halfway house at the time he filed this action, the Prison Litigation Reform Act (PLRA) applies. *See, e.g., Hage v. ICCS Halfway House*, 2006 WL 2583093, *1 (D. Colo. 2006)(requiring a prisoner assigned to a halfway house to

plead exhaustion of administrative remedies). The PLRA defines a "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the term and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

Accordingly, plaintiff's motion to proceed in forma pauperis is governed by 28 U.S.C. § 1915(b) due to his status as a prisoner in a halfway house at the time he commenced this action. Under the PLRA, a prisoner bringing a civil action must pay the full amount of the statutory filing fee. *See* 28 U.S.C. § 1915(b)(1). An indigent prisoner ordinarily may proceed in a civil action in forma pauperis by making an initial partial payment and paying the remaining balance of the filing fee in monthly installments. *See id.* §1915(b)(2).

In this case, the court directed plaintiff to submit an initial partial filing fee of $19.00 (Doc. 6). Plaintiff filed a response (Doc. 7) in which he asked the court to calculate his initial partial fee on his income. The court has considered that objection, but finds the initial partial filing fee, calculated on the six months deposits and balances as directed by statute, must be imposed. Any future installments, however, will be calculated on plaintiff's income so long as he remains a prisoner as defined by §1915(h). Because it does not appear that plaintiff has submitted that partial filing fee, the court will direct him to do so.

*Plaintiff's motion to amend and appoint counsel*

Plaintiff's motion to amend seeks to add a claim that following his arrival at the Federal Correctional Institution, Pekin, Illinois, "FCI Pekin medical still refuse to give the Defendant proper medical care." (Doc. 15, p. 1.) Generally, a court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(3). Because the injury alleged by the plaintiff in the proposed amendment to the complaint occurred outside the District of Kansas, the court declines to allow the amendment sought by plaintiff. Rather, plaintiff should present a new action in the district in which the alleged acts or omissions occurred.

Plaintiff also moves for the appointment of counsel. As a party to a civil action, plaintiff has no constitutional right to counsel. *See Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006). And while a federal court "may request an attorney to represent any person unable to afford counsel", *see* 28 U.S.C. § 1915(e)(1), the decision rests in the discretion of the court. In exercising that discretion, the court should consider the merits of the claims, the factual issues presented, the party's ability to present the claims, and the complexity of the legal issues involved. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). The court has examined the record and declines to appoint counsel based upon the nature of the issues of law and fact suggested by the pleadings and upon the fact that plaintiff has been released from custody and does not reside in this district.

*Screening of the complaint*

A federal court must conduct a preliminary screening of a civil action in which a prisoner seeks relief from a governmental officer or entity or an employee of a governmental entity and must dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages against a defendant who is immune from such relief. *See* 28 U.S.C. §1915A(a)-(b).

A party proceeding pro se is entitled to a liberal reading of his pleadings. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). This lenient standard, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Rather, the complaint must present allegations of fact that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A court need not accept "mere conclusions characterizing pleaded facts" *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990); likewise, a court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

*Plaintiff's claims*

As noted, plaintiff names as defendants Harley Lappin, Director of the federal Bureau of Prisons (BOP) and Van Racy, Director of the

4

BOP's Community Corrections Office in Kansas City, Kansas.

The court has carefully examined the record and finds no specific allegation against defendant Lappin. It appears that plaintiff claims this defendant is liable because of his position as the chief officer of the BOP. A defendant's personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish this participation, the plaintiff must show an affirmative link between the alleged violation of his federal rights and each defendant's participation, control, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). Accordingly, unless plaintiff asserts specific facts showing participation by defendant Lappin, he must be dismissed from this action.

Plaintiff's claim against defendant Van Racy appears to be that he denied plaintiff the opportunity for surgery on April 8, 2010. The attachments to the complaint include a March 16, 2010, memorandum to the plaintiff from a case manager. The memorandum reads:

> 03-16-10
> Smith, Tony
>
> I spoke to Van Racy today in regards to your surgery. The paperwork you have given me is not what he needs.
>
> Van Racy is requesting the following; a Synopsis from your Dr., a copy of Medical Records. He also needs a letter from the Dr. that clearly says that if you do not have the surgery on April 8th that you will become totally disabled.
>
> Glory

A handwritten notation at the bottom of the attachment reads:

5

"Comm Correctional Office - Van Racy denied my April 8th Operation because of above statement." (Doc. 1, Attach. p. 2.)

While the exhibits do not include materials that appear directly related to this denial, there is a response to Administrative Remedy No. 548814-A1 dated March 3, 2010, that reads as follows:

> This is in response to your Central Office Administrative Remedy Appeal in which you contend you suffered from an injury to your back after a fall. As relief, you request surgical repair of your lumbar spine before your transfer to a halfway house.
>
> Relevant portions of your medical record have been reviewed which reveal you were evaluated by a consultant neurosurgeon on September 22, 2009, who diagnosed you with lumbar radiculopathy at L5-S1 with L4-L5 foraminal narrowing. You were informed by the specialist that this was not a life threatening lesion and a recommendation was made for you to receive conservative treatment at this time. Further review of your medical record reveals you were prescribed appropriate medication in order to treat your condition conservatively. Records also indicate you were released to a Residential Reentry Center on December 2, 2009.
>
> This response is provided for informational purposes. (Doc. 1, Ex. p. 14.)

Generally, a prison official's acts or omissions "violate the Eighth Amendment's ban on cruel and unusual punishment if [his] 'deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain.'" *Self v. Crum,* 439 F.3d 1227, 1230 (10th Cir. 2006)(quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). An "inadvertent failure to provide adequate medical care' is not enough, nor does 'a complaint that a physician has been negligent in diagnosing or treating a medical condition...state a valid claim of medical mistreatment under the

Eighth Amendment.'" *Id.*, (quoting *Estelle*, 429 U.S. at 105).

To allege a claim for relief under the Eighth Amendment, a prisoner must make an objective showing that the deprivation was sufficiently serious, *see Farmer v. Brennan*, 511 U.S. 825, 834 (1994), and provide evidence that the prison official "acted with a sufficiently culpable state of mind." *Perkins v. Dep't of Corr.*, 165 F.3d 803, 809 (10th Cir. 1999).

"[A] delay in medical care only constitutes an Eighth Amendment violation where the plaintiff can show the delay resulted in substantial harm." *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005)(internal punctuation omitted); Olson v. Stotts, 9 F.3d 1475, 1477 (10th Cir. 1993). Such harm may be shown by evidence that the delay caused unnecessary pain or caused the condition to worsen. *Id.* at 755. However, postponing surgery for a period, even until the prisoner is released, does not provide a cause of action for deliberate indifference to serious medical needs if the delay would not cause further damage. *White v. Colorado,* 82 F.3d 364, 366 (10th Cir.1996). Thus, the resolution of plaintiff's claim against defendant Van Racy may require additional development of the record, provided plaintiff satisfies the threshold requirements of payment of the initial partial filing fee and the exhaustion of available administrative remedies.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff is granted to and including October 19, 2012, to submit the initial partial filing fee. The failure to file a timely response may result in the dismissal of this matter without additional prior notice to the

7

plaintiff.

IT IS FURTHER ORDERED plaintiff's combined motion to amend and to appoint counsel (Doc. 15) is denied.

IT IS FURTHER ORDERED plaintiff is granted to and including October 19, 2012, to supplement the record with: (1) any specific factual allegations concerning defendant Lappin's participation in this matter, and (2) any statement or exhibits concerning his use of administrative remedies to seek review from the action of defendant Van Racy.

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED.**

DATED:  This 18th day of September, 2012, at Topeka, Kansas.

>S/ Sam A. Crow
>SAM A. CROW
>U.S. Senior District Judge