IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


TONY DARNELL SMITH,

                    Plaintiff,

         v.                              CASE NO. 10-3073-SAC

HARLEY LAPPIN and VAN RACY,

                    Defendants.


MEMORANDUM AND ORDER

     This matter is a civil rights action filed pursuant to *Bivens
v. Six Unknown Named Agents*, 403 U.S. 388 (1971).[1] Plaintiff, a former
federal prisoner, commenced this action while in a halfway house. He
proceeds pro se and in forma pauperis and seeks damages related to
an alleged denial of adequate medical care.

*Screening*

     The federal in forma pauperis statute, 28 U.S.C. § 1915, "is
designed to ensure that indigent litigants have meaningful access to
the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).
The statute authorizes a federal court to summarily dismiss an action
brought in forma pauperis if it determines the allegation of poverty
is false, the matter is frivolous or malicious, the action fails to
state a claim upon which relief may be granted, or the action seeks
monetary damages against a defendant who is immune from that relief.
28 U.S.C. § 1915(e)(2). A dismissal under this provision may be made

---

[1] While plaintiff commenced the action using a form complaint for an action pursuant
to 42 U.S.C. § 1983, the court liberally construes this pro se complaint against
employees of the federal Bureau of Prisons as an action pursuant to *Bivens. See
Ashcroft v. Iqbal*, 556 U.S. 662, 675-76 (2009)("the implied cause of action [under
*Bivens*] is the federal analog to suits brought against state officials under 42
U.S.C. § 1983")(internal quotation omitted).

prior to the service of process. *Neitzke*, 490 U.S. at 324.

Plaintiff names as defendants Harley Lappin, Director of the federal Bureau of Prisons (BOP), and Van Racy of the BOP Community Corrections Office in Kansas City, Kansas. He broadly asserts the defendants' negligence subjected him to cruel and unusual punishment.

By a previous order, the court directed plaintiff to identify any personal participation by defendant Lappin and to supply additional information concerning his use of administrative remedies to exhaust his claims, as required by the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(a).

*Exhaustion of remedies*

Section 1997e(a) applies to all inmate suits concerning confinement. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Likewise, the use of available administrative remedies before commencing an action is mandatory. *See Woodford v. Ngo*, 548 U.S. 81, 85 (2006)("Exhaustion is no longer left to the discretion of the district court, but is mandatory.")

Plaintiff filed a response (Doc. 19), and provided materials that trace the medical assessments conducted on him in January 2010, April 2011, and January 2012. The most recent findings include a mild loss in disc height and hydration, a mild bulging disc, a mild broad-based herniated disc, minimal displacement of a nerve root, osteoarthritis, and minimal stenosis. (Doc. 19, Attach., p. 2.)

There is no showing, however, that plaintiff pursued an administrative claim on the issue presented here, namely, that defendant Van Racy violated his constitutional rights by denying him surgery during his halfway house placement.

The court notes that materials submitted in support of the

complaint reflect that plaintiff pursued administrative remedies prior to his release to the Residential Reentry Center. The responses prepared at that time made concluded the plaintiff had received appropriate care for his complaint of back pain:

1) The institutional response states, in part, "A review of your medical records indicates that you [have] been seen on numerous occasions for your complaint of back pain. It also indicates that you have been placed on pain medication regimen to help relieve pain in your back. On February 2, 2009, you had an X-Ray of your back, and results were negative." (Doc. 1, Attach., p. 8.)

2) The regional response states, in part, "On April 3, 2009, you were seen by the staff physician and you complained of chronic lower back pain…. You also denied any recent trauma. The staff physician performed an examination and evaluation. The physician ordered an injection of Ketorolac … to provide relief for your chronic back pain, and he told you to get a follow-up at Chronic Care Clinic. On June 26, 2009, you were seen by the staff physician for a Chronic Care visit follow-up. You received an MRI of the lumbar spine, which revealed a moderate posterior disc bulge … with disc narrowing. You were advised by the physician in the interim to perform muscle strengthening exercises. On August 4, 2009, an administrative note by the CD indicated he submitted a referral for a Neurosurgeon to perform a neurosurgical consultation due to herniated discs. The Neurosurgeon consultation request has been submitted and scheduled…." (*Id.*, p. 11.)

3) The national response states, in part, "[Y]ou were evaluated by a consultant neurosurgeon on September 22, 2009, who diagnose you with lumbar radiculopathy…with…foraminal narrowing. You were informed by the specialist that this was not a life threatening lesion and a recommendation was made for you to received conservative treatment at this time. Further review of your medical record reveals you were prescribed appropriate medication in order to treat your condition conservatively." (*Id.*, p. 14.)

Plaintiff entered the Residential Re-entry Center in early December 2009; he later reported to the court that his back surgery

had been scheduled for August 19, 2010 (Doc. 7).

None of this material suggests that plaintiff properly exhausted the claim he now presents against defendant Van Racy, nor does the record support a claim of a constitutional violation. The "negligent treatment of a medical condition does not constitute a medical wrong under the Eighth Amendment." *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008)(internal quotations omitted). Rather, to establish a claim under the Eighth Amendment, a plaintiff must show "deliberate indifference to serious medical needs". *Estelle v. Gamble*, 429 U.S. 97 (1976). This standard requires both an objective showing that the deprivation is "sufficiently serious", *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); and a subjective component that is satisfied where a prison official "knows of and disregards an excessive risk to inmate health and safety". *Id.* at 837. The complaint alleges that defendant Van Racy sought materials from plaintiff that included a synopsis from his physician, a copy of medical records, and a medical opinion that plaintiff would be totally disabled unless the surgery was allowed in April 2010. (Doc. 1, p. 2.) There is no showing that plaintiff provided this material, or that defendant had access to any other materials that would reasonably suggest that delay in the surgery would subject plaintiff to an extreme level of pain that could not otherwise be controlled.

Accordingly, because the record shows neither exhaustion of the claim against defendant nor any evidence that suggests a constitutional violation by him, the court concludes plaintiff states

no claim for relief against this defendant.

*Personal participation*

The personal participation of a defendant is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). Where a defendant is a supervisor, he may not be held liable for allegedly unconstitutional conduct of a subordinate on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). *See Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010)("[W]hen a plaintiff sues an official under *Bivens* or § 1983 for conduct 'arising from his or her superintendent responsibilities,' the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.")

The court has examined the complaint and all materials submitted by plaintiff and finds no personal participation by defendant Lappin. Because such participation is an essential allegation, the court concludes plaintiff states no claim for relief against this defendant.

### Conclusion

For the reasons set forth, the court concludes this matter is subject to dismissal. Plaintiff has not demonstrated exhaustion of the claim against defendant Van Racy, has not alleged personal participation by defendant Lappin, and does not state a claim for relief under the Eighth Amendment.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed.

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED.**

DATED:  This 30th day of September, 2013, at Topeka, Kansas.


                              S/ Sam A. Crow
                              SAM A. CROW
                              U.S. Senior District Judge